

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2008

# Walker v. James

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Walker v. James" (2008). *2008 Decisions.* Paper 325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1327
_____

RONALD P. WALKER,

Appellant

v.

THOMAS L. JAMES; JOHN A. BELSER; GARY OLINGER;
JOSEPH MURPHY; DONALD T. VAUGHN; SCHMELTZ, C.O.;
TOM ROWLANDS; LESLIE S. HATCHER; PENNSYLVANIA
DEPT. CORRECTIONS; SEVEN UNKNOWN JOHN DOES,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES;
JOHN DOES 1-20

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-03541)
District Judge:  Honorable Norma L. Shapiro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2008

Before:   SLOVITER, BARRY AND NYGAARD, <u>Circuit</u> <u>Judges</u>

Opinion filed: October 27, 2008
_____

OPINION
_____

PER CURIAM

Ronald Walker appeals from the order of the United States District Court for the Eastern District of Pennsylvania granting the defendants' motion to dismiss his complaint. We will affirm.

Because the parties are familiar with the history and facts of the case, and because the District Court's memorandum contains a detailed account, we will summarize the events briefly. In 2003, while he was an inmate of the State Correctional Institution at Graterford ("SCI-Graterford"),[1] Walker filed a pro se civil rights complaint, as amended in 2005 in a second amended complaint, naming as defendants the Department of Corrections ("DOC") and DOC and SCI-Graterford officials and employees.[2] Walker alleged that in 1995, defendant Vaughn (SCI-Graterford Superintendent) and several John Doe defendants, asserted that Walker was a convicted sex offender based on court records. Although Walker denied this, prison officials claimed the right to take a DNA sample from Walker. In June 2000, defendants Belser (Counselor), Rowlands (Records Supervisor), and Murphy (Unit Manager) informed Walker that, in light of prison policy and Walker's status as a convicted sex offender, all visitors under age eighteen must be removed from his visiting list. Between December 2000 and June 2001, Walker was directed to participate in a sex offenders' program, was denied eligibility for outside

---

[1] Walker is currently residing at a Department of Corrections Community Corrections Center.

[2] We will refer to the defendants in the collective, except for when a particular defendant is at issue in this appeal.

clearance and pre-release, and was denied other benefits offered to inmates not classified as sex offenders. Between June 10 and July 13, 2001, Walker's requests to defendants Belser, Rowlands, and Murphy for visits by family members were denied due to his sex offender status.

On August 5, 2002, despite his protests, Walker was forced to submit a DNA sample. During the process, defendant Schmeltz announced to everyone in the prison assessment unit that he was escorting a sex offender, referring to Walker. The next day, Walker filed a grievance, and by October 15, 2002, his grievance was rejected at every available level of review. Walker obtained the assistance of the public defender to seek copies of the documents upon which the prison was relying to treat Walker as a sex offender. After state court intervention, on October 21, 2002, the DOC admitted that, upon review, Walker's prison file contained no record of a sex offense[3] and that the prison had not classified Walker as a sex offender.

Meanwhile, between August 2, 2002 (the day Walker's DNA sample was taken) and March 21, 2003, defendant Schmeltz harassed Walker by calling him a sex offender in the presence of other inmates and prison guards. Walker complained to defendants Belser, Murphy, and others, but no action was taken. On March 21, 2003, Schmeltz assaulted Walker with a key upon learning that Walker was preparing to file a lawsuit

---

[3] In 1960, Walker faced charges of statutory rape and of fornication and bastardy. Evidently, the 1960 proceeding was an action for the support of a child he had fathered out of wedlock.

3

against him, and between March 21 and 23, 2003, Schmeltz and others filed a false misconduct report against Walker.

Walker alleged that the defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by taking DNA samples from him against his will on the basis of false information identifying him as a sex offender. Walker also asserted various state law claims including assault and battery, infliction of emotional distress, invasion of privacy, and harassment. He requested damages relief. The defendants filed a motion to dismiss, and Walker filed a response in opposition. The District Court granted the motion, noting that the motion should have been filed as a motion for judgment on the pleadings with respect to the affirmative defense of failure to exhaust administrative remedies.[4] The District Court found that all of Walker's claims arising before May 30, 2001 were time-barred and that his complaint should be dismissed against the Department of Corrections based on sovereign immunity. The District Court also found that, except for his claim regarding his involuntary DNA sampling, Walker's claims were barred by his failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e. Regarding the DNA sampling claim, the District Court found that the defendants did not violate Walker's constitutional rights. The District Court held that, in

---

[4] The District Court noted the distinction but continued to refer to the document as a motion to dismiss, because there is no material difference between the applicable legal standards. (District Court Op. at 9 n.5 (citing Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004)).) We will do the same.

the alternative, the defendants were entitled to qualified immunity regarding all claims. Walker appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In his brief and reply brief to this Court, Walker challenges the District Court's decision with respect to only two issues: the finding of non-exhaustion of his claims against defendant Schmeltz, and the finding of non-exhaustion and application of qualified immunity regarding his claim of incorrect information in his file. We deem the other issues waived, as they are not raised in his opening brief. See F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000).

Regarding the claims against defendant Schmeltz, Walker disputes the District Court's finding that he had admitted to the failure to exhaust those claims. (See District Court Mem. at 9.) However, we note that Walker did not oppose the defendants' argument of non-exhaustion of these claims in his response to the defendants' motion to dismiss. The defendants had presented documentation indicating that Walker did not follow the grievance process regarding any claims against Schmeltz, and Walker was silent on the issue in his response.[5] We discern no reason to disturb the District Court's conclusion with respect to these claims.

---

[5] Walker now argues that he administratively exhausted his claims against Schmeltz by means outside of the standard grievance process. We decline to address this argument, as he did not present this argument before the District Court. See Ziccardi v. City of Philadelphia, 288 F.3d 57, 65 (3d Cir. 2002).

We now turn to Walker's claim of incorrect information in his file identifying him as a sex offender. Walker challenges the District Court's finding that he did not administratively exhaust this claim. The documentation of Walker's relevant grievance history is contained in the record, and the District Court's memorandum contains the text of Walker's narrative on the August 2002 grievance he filed. Initially, the grievance describes Walker's objections to the DNA sampling, but it goes on to state:

> I was involuntarily subjected to submit to this DNA procedure under the misleading assumption that I had been arrested, prosecuted, and convicted of the charge of Statutory Rape over 41 years ago. The record in the present case will show that I, on several different occasions, tried to explain to my Counselor, my Unit Manager, and Mr. Rowlands, that the information in their possession that they were using against me was incorrect. I told them that if they checked with the Courts, they would find that no Authentic Documents existed that would support the information in SCI-Graterford's Record Files. As of the date of this Grievance it is apparent that none of the above has attempted to correct this error.

(District Court Mem. at 10 (quoting Motion to Dismiss Second Amended Complaint, Attachment 1).) Walker repeated the essence of these allegations in his administrative appeals, disputing that he was ever convicted of a sex offense. We disagree with the District Court that Walker's allegations were merely for illustrative support for his DNA sampling claim. Rather, it appears to us that Walker's grievance and appeals manifest his objections to the erroneous information that he had been convicted of statutory rape being maintained in his file, despite his repeated requests to have that information corrected.

6

The District Court proceeded to conclude that the defendants were entitled to qualified immunity, assuming arguendo that Walker had administratively exhausted this claim.  A government official is entitled to qualified immunity from civil damages if the allegedly unconstitutional official action was objectively reasonable and did not violate clearly established rules at the time the action occurred.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  The unlawfulness must be apparent to the official in light of pre-existing law.  Id.  The qualified immunity analysis also involves an inquiry of whether a reasonable official could have believed his actions to have been lawful in light of the information the official actually possessed at the time the action occurred.  See id. at 641.

Inmates have a protected liberty interest in freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Based on the decision of the Ninth Circuit Court of Appeals in Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) (finding a procedural due process interest where the stigma and attendant consequences of sex offender classification are atypical and significant hardships), and noting the absence of record evidence of any hearing or attempts by the defendants to clarify Walker's sex offender status upon Walker's protests, the District Court determined that Walker's

7

procedural due process claim may be cognizable.[6]  Nevertheless, the District Court determined that the particular procedural due process right recognized by another Court of Appeals in <u>Neal</u> was not a clearly established right at the time of the defendants' actions alleged in the second amended complaint.  We agree that the contours of a due process right to procedural inquiry regarding disputed sex offender status were not so well-settled under pre-existing law when the defendants compelled Walker to submit his DNA.[7]  We discern no reason to disturb the District Court's conclusion regarding the issue of qualified immunity of the defendants.

Based on the foregoing, we will affirm the District Court's judgment.[8]

---

[6] The District Court determined that Walker's claim did not implicate a substantive due process right.  Walker does not argue substantive due process on appeal.

[7] Aside from arguing that the defendants violated a clearly established constitutional right to procedural due process, Walker also argues that prisoners long have had the statutory right to challenge the contents of their criminal history records.  <u>See</u> 18 Pa.C.S.A. § 9151(b).  Even assuming that this asserted statutory right as applied to these circumstances is clearly established in a sufficiently "particularized" sense, see <u>Anderson v. Creighton</u>, 483 U.S. at 640, prison officials are not free to modify criminal history information upon mere request.  The burden is on the individual making the challenge to do so with specificity, after making his or her own requests for information. <u>See</u> 18 Pa.C.S.A. § 9152.

[8] Our conclusion that defendants are entitled to qualified immunity from Walker's claim for damage does not mean that defendants should not make available to Walker a vehicle to demonstrate that he has been erroneously identified as a sex offender.  The failure to provide such a vehicle may well implicate Walker's due process rights.

8